1          UNITED STATES DISTRICT COURT
2          DISTRICT OF PUERTO RICO

3   EMILY BARROSSE, et al.,

4          Plaintiffs,
                                                Civil No. 10-1902 (JAF)
5          v.

6   JENNIFER D'AMICO, et al.,

7          Defendants.

8

9                          **OPINION AND ORDER**

10         Plaintiffs, Emily Barrosse ("Ms. Barrosse") and her son, Alexander Barrosse, bring this

11  action in diversity against Defendants, Jennifer D'Amico ("D'Amico"), Punta del Mar Village

12  Homeowner Association Regimen I ("Homeowner Association"), MAPRE/PRAICO of Puerto

13  Rico ("MAPFRE"), and other unnamed insurers.  (Docket No. 1.)  Plaintiffs, residents of

14  Maryland, allege negligence under 31 L.P.R.A. §§ 5141–5142 (2008) stemming from a fall that

15  Ms. Barrosse suffered while vacationing in Rincón, Puerto Rico, in March of 2010.  (Docket

16  Nos. 1; 30.)   Codefendants Homeowner Association and MAPFRE ("Movants") move for

17  dismissal under Federal Rule of Civil Procedure 12(b)(6) (Docket No. 29), and Plaintiffs oppose

18  (Docket No. 30).

19                                   **I.**

20                              **Allegations**

21         We derive the following allegations from the complaint.  (Docket No. 1.)  On March 6,

22  2010, Ms. Barrosse and her son, Alexander, arrived at the Luis Muñoz Marín International

23  Airport in San Juan, Puerto Rico, from their home state of Maryland.  (Id. at 3.)  Ms. Barrosse's

bag did not arrive with the flight, and the airline promised to deliver the luggage the next day to Rincón, where Plaintiffs had plans to stay.  (Id.)  The next morning, on March 7, a driver carrying Ms. Barrosse's bag called her to deliver the luggage.  (Id.)

Ms. Barrosse alleges that as she walked out the front door of the rental property where she was staying, she "tripped on a step or offset just in front of the door of the rental unit and fell[,]" causing injuries to her wrist and ankle.  (Id.)  According to the complaint, the terra cotta tiles in front of the door "were placed in such a manner that the step or offset was indistinguishable."  (Id.)  Plaintiffs allege that this indistinguishable step was a "dangerous and hazardous condition" that was the sole and exclusive cause of Ms. Barrosse's injuries.  (Id.)

Plaintiffs' complaint states that D'Amico is the owner of the rental property where Ms. Barrosse was staying, and that the Homeowners Association "owned, operated, managed and/or controlled" the facilities where the rental property was located.  (Id. at 1–2.)  MAPFRE is the liability insurer of D'Amico and the Homeowners Association.  (Id. at 5.)  Plaintiffs further allege that D'Amico and the Homeowners Association were both under a duty to maintain the area where Mrs. Barrosse's accident occurred, and that both failed to notify the guests or repair the dangerous condition.  (Id.)

## II.

## Motion to Dismiss Under 12(b)(6)

### A.   Standard

A defendant may move to dismiss an action, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In assessing such a motion, we "accept[] all well-pleaded facts as true, and we draw all

Civil No. 10-1902 (JAF)                                                                                -3-

1   reasonable inferences in favor of the [plaintiff]." <u>Wash. Legal Found. v. Mass. Bar Found.</u>, 993

2   F.2d 962, 971 (1st Cir. 1993).

3          "[A]n adequate complaint must provide fair notice to the defendants and state a facially

4   plausible legal claim." <u>Ocasio-Hernández v. Fortuño-Burset</u>, 640 F.3d 1, 12 (1st Cir. 2011).

5   In considering a complaint's adequacy, we disregard "statements in the complaint that merely

6   offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of

7   action." <u>Id.</u> (internal quotation marks omitted).   We then take as true what remains,

8   "[n]onconclusory factual allegations . . . even if seemingly incredible." <u>Id.</u>  On the basis of

9   those properly pled facts, we assess the "reasonableness of the inference of liability that the

10  plaintiff is asking the court to draw." <u>Id.</u> at 13.

11  **B.     <u>Analysis</u>**

12         Movants argue that the complaint should be dismissed as to them, "since during the

13  discovery it was made clear that the plaintiff fell inside the property" of D'Amico, where

14  Movants claim they have no responsibility to maintain the property.[1]  (Docket No. 29 at 1–2.)

15  Movants contend that the Homeowners Association is responsible for maintaining only common

16  property of the development, not private grounds.  (<u>Id.</u>)  Movants provide no other evidence or

17  argument in support of their motion to dismiss.  (<u>Id.</u>)

18         Plaintiffs respond by repeating their allegations in the complaint: That Ms. Barrosse fell

19  when she walked out the front door of the rental property.  (Docket No. 30 at 4.)   The area

20  where Ms. Barrosse fell, Plaintiffs argue, is a common area, not private property.  (<u>Id.</u> at 4–5.)

---

[1] Movants argue that Emily Barrosse's deposition made clear that she fell inside D'Amico's property. (<u>Id.</u> at 1–2.)

Civil No. 10-1902 (JAF)                                                                    -4-

1    Plaintiffs further argue that discovery evidence shows that the area where Ms. Barrosse fell is

2    not considered a private area.  (Id.)

3          In ruling on a motion to dismiss, "[o]rdinarily, a court may not consider any documents

4    that are outside of the complaint, or not expressly incorporated therein, unless the motion is

5    converted into one for summary judgment." Altern. Energy, Inc. v. St. Paul Marine & Fire Ins.

6    Co., 267 F.3d 30, 33 (1st Cir. 2006) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

7    "[T]he conversion of a Rule 12(b)(6) motion into a Rule 56 motion is a matter quintessentially

8    within the purview of the district court's sound discretion." Beddall v. State St. Bank and Trust

9    Co., 137 F.3d 12, 17 (1st Cir. 1998).  In the exercise of our discretion, we decline to convert

10   Movants' 12(b)(6) motion into a Rule 56 motion.  See Rivera Concepción v. Puerto Rico, 786

11   F. Supp. 2d 442, 447 (D.P.R. 2010) (declining to convert motion to dismiss into summary

12   judgment motion).  Neither party has advanced a compelling reason for us to consider any

13   evidence beyond the complaint.  (Docket No. 29.)  We, therefore, evaluate Movants' 12(b)(6)

14   motion based solely on the complaint.

15         We find that Plaintiffs' complaint states a "facially plausible legal claim" as to Movants.

16   Ocasio-Hernández, 640 F.3d at 12.  Plaintiffs allege that Ms. Barrosse fell as she walked out

17   the door of her rental property; that a negligently-maintained step was the cause of her fall; and

18   that the Homeowners Association and its insurer were under a duty to maintain, correct or notify

19   Plaintiffs of this hazardous condition.  (Docket No. 1 at 2–3.)  We find that the "inference of

20   liability that the plaintiff is asking the court to draw" is sufficiently reasonable to survive a

21   motion to dismiss.  Ocasio-Hernández, 640 F.3d at 12.  Movants have provided us with no

Civil No. 10-1902 (JAF)                                                                                    -5-

1    reason to doubt their own liability, beyond citing to evidence not properly considered on a Rule

2    12(b)(6) motion.

3                                                        **IV.**

4                                                 **Conclusion**

5           Given the foregoing, we hereby **DENY** Defendants' Rule 12(b)(6) motion (Docket

6    No. 29).

7           **IT IS SO ORDERED.**

8           San Juan, Puerto Rico, this 14th day of February, 2012.

9                                          s/José Antonio Fusté
10                                         JOSE ANTONIO FUSTE
11                                         U.S. District Judge